IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyree Craig Jones, #26123-058,<br><br>Petitioner,<br><br>v.<br><br>Warden Phelps,<br><br>Respondents. | C/A No. 1:21-cv-00418-JFA<br><br>**ORDER** |

Tyree Craig Jones ("Petitioner"), proceeding pro se, is an inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 1). He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to the Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") (ECF No. 20) and opines that this Court should grant Respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

In the *Roseboro* order issued on April 19, 2021, the petitioner was placed on notice that if the Court considers materials outside of the pleadings, a motion to dismiss is converted to a motion for summary judgment under Rule 56. (ECF No. 13). As matters outside the pleadings have been presented to and not excluded by the Court (*see* ECF No. 12-1), and the Magistrate Judge's Report construed the motion as a motion for summary judgment, the motion to dismiss will be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment under Rule 56."). Petitioner was advised of his right to object to the Report, which was entered on the docket on June 16, 2021. (ECF No. 20). The Magistrate Judge required the parties to file objections by June 30, 2021. *Id.* Petitioner failed to file any objections and the time for doing so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. The key issue before the Court is whether the Federal Bureau of Prisons ("BOP") has an obligation, under the terms of the First Step Act, to apply earned time credits prior to January 15, 2022, where the record indicates Petitioner may have earned sufficient credits to have already been transferred to pre-release custody. (ECF No. 20). A review of the Report indicates that the Magistrate Judge correctly concluded that Petitioner's underlying claim seeking application of earned time credits under the First Step Act is without merit, as the plain language of the relevant statutes as well as the weight of authority do not show that the BOP is obligated to apply Petitioner's earned time credits prior to January 15, 2022.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 20). Thus, Respondent's motion (ECF No. 12) is granted and the Petitioner's petition (ECF No. 1) is dismissed without prejudice.

IT IS SO ORDERED.

August 17, 2021　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge